DICKENSON *against* THE COMMERCIAL INSURANCE COMPANY OF NEW YORK.

General intelligence contained in a public Gazette and bearing upon the subject matter of insurance, must be disclosed to the insurers, although they are subscribers to such Gazette.

THIS was an action on a policy of insurance on the sloop Friendship, of New York, lost or not lost on a voyage from Washington, in North Carolina, to Charleston, in South Carolina.

On Friday, the 19th day of April, 1805, there appeared an article in Lang's Gazette, which set forth that a vessel had arrived from Edenton, North Carolina, the preceding day, bringing information " that a New York sloop, bound from Washington, North Carolina, to Charleston, in South Carolina, had been stranded on Thursday a week on Ocracoke bar." On the 19th of April, the plaintiff applied for insurance on said sloop at the office of the New York Insurance Company, which company refused the application on the 20th, alleging the newspaper information, above mentioned, as their reason. The plaintiff then effected an insurance on the said vessel on the 20th of April, at the office of the defendants, without disclosing to the company

Dickenson v. Commercial·Insurance Company.

the said article of news, and paid for such insurance a mere sea-risk premium.  It also appeared that the defendants were subscribers to, and regularly received the Gazette, in which the said information was contained, and that the said sloop had been totally lost on Ocracoke bar, on the 11th of April, 1805.

The defendants contended that the plaintiff's neglect to disclose the said article contained in the Gazette, was a material concealment, and avoided the policy.  1 Marshall, 350, 351.

For the plaintiff, it was urged, that as this general information was contained in a public Gazette, it was to be presumed that the defendants were as well acquainted with it as the plaintiff, who was, therefore, not bound to disclose it to them at the time of effecting the insurance.

VAN NESS, J.  The plaintiff ought to have disclosed the fact that such general intelligence was in the city : here, therefore, has been a material concealment, and the contract consequently is void.(1)

Verdict for the plaintiff, for a return of premium.

*Bogardus* and *Hopkins*, for the plaintiff.

*Wells*, for defendants.

(1) Even doubtful rumors, respecting the safety of a ship, which is meant to be insured lost, or not lost, how little credit soever the owner himself may give them, ought to be faithfully disclosed ;  and the withholding such information will avoid the contract.  1 Marshal, 471.  Every fact and circumstance, which can possibly influence the mind of any prudent and intelligent insurer,

Dubios v. Allen.

in determining whether he will underwrite the policy at all, or at what premium he will underwrite, is material, and ought to be fully and explicitly disclosed. Ib. 467. And it is not merely on the ground of fraud, that concealment avoids the contract: a concealment which is only the effect of accident, negligence, inadvertence or mistake, will, if material, be equally fatal to the contract, as if it were intentional and fraudulent. Ib. 465. There are many matters, however, as to which the insured may be innocently silent; he need not mention what the underwriter knows, and what he ought to know, what he takes upon himself the knowledge of, or what he waives being informed of: he need not be told what lessens the risk, nor of the difficulty of the voyage, the kind of seasons, the probability of hurricanes, &c. Park, 253; vide 1 Phil. Ins. 93; 2 Duer. 550.